IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PERRY F. MOTOLO, | ) ) | |
| Petitioner, | ) ) | No. C 09-2403 CRB (PR) |
| vs. | ) ) | ORDER OF DISMISSAL |
| UNITED STATES, | ) ) | |
| Respondent. | ) ) | |

      Perry F. Motolo, a prisoner at Allenwood Federal Correctional Institution (FCC Allenwood) in White Deer, Pennsylvania, has filed a pro se petition for a writ of habeas corpus challenging a June 23, 2008 sentence from the United States District Court for the Northern District of Indiana. See United States v. Motolo, No. 06 CR 0033 RLM (N.D. Ind. filed Mar. 9, 2006). Motolo claims that his conviction and sentence are unlawful.

      In general, 28 U.S.C. § 2255 provides the exclusive mechanism by which a federal prisoner may contest collaterally the legality of his conviction and/or sentence. See Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000). Such a prisoner must file a motion to vacate, set aside or correct the sentence under § 2255 in the sentencing court. See Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988). But he may also "file a habeas corpus petition pursuant to [28 U.S.C.] § 2241 to contest the legality of a sentence where his remedy under § 2255 is

1  'inadequate or ineffective to test the legality of his detention.'" Hernandez, 204
2  F.3d at 864-65 (quoting 28 U.S.C. § 2255).
3      Motolo may not seek habeas relief from this court under either § 2255 or
4  § 2241.  He may seek relief under § 2255 only in the sentencing court, i.e., the
5  United States District Court for the Northern District of Indiana, and under §
6  2241only in a federal district court with jurisdiction over his custodian, the
7  warden of FCC Allenwood.  See Rumsfeld v. Padilla, 542 U.S. 426, 440-42
8  (2004).  This court has no jurisdiction over the warden of FCC Allenwood.  See
9  Hassain v. Johnson, 790 F.2d 1420, 1420 (9th Cir. 1986) (no jurisdiction in
10 California to address petition from inmate incarcerated in Arizona); United States
11 v. Giddings, 740 F.2d 770, 771 (9th Cir. 1984) (no jurisdiction in Washington to
12 address petition from inmate incarcerated in Kansas).
13     For the foregoing reasons, the petition for a writ of habeas corpus is
14 DISMISSED without prejudice to Motoloa filing a motion to vacate, set aside or
15 correct the sentence under 28 U.S.C. § 2255 in his criminal action, or a petition
16 for a writ of habeas corpus under 28 U.S.C. § 2241 in a court with jurisdiction
17 over his custodian.
18     The clerk shall enter judgment in accordance with this order and close the
19 file.
20 SO ORDERED.
21 DATED:  June 3, 2009
22     CHARLES R. BREYER
    United States District Judge

G:\PRO-SE\CRB\HC.09\Motolo, P1.dismissal.wpd

2